**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) UNION INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>(1) DEALERS AUTO AUCTION OF OKLAHOMA CITY, INC.<br>(2) GARY SMITH,<br>(3) EVA ROSALES,<br>(4) CATHY GIBSON-HOEKSEMA<br><br>Defendants. | ) | Case No. CIV-24-358-D |

---

**PLAINTIFF UNION INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff, Union Insurance Company ("Union"), pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks a declaratory judgment or judgments as to the rights, obligations, and interests of the parties to the instant lawsuit under an insurance policy issued by Union to Defendant Dealers Auto Auction of Oklahoma City, Inc. ("Dealers"). Specifically, Union seeks a declaration that it does not have a duty to defend, indemnify, or pay any loss to or on behalf of Dealers in connection with the claims that are made against it in underlying lawsuits brought by Defendant Eva Rosales ("Rosales") and by Cathy Gibson-Hoeksema ("Gibson-Hoeksema"), both pending in the District Court of Oklahoma County (together, the "Underlying Suits"). Union additionally seeks a declaration that it does not have a duty to defend, indemnify, or pay any loss to or on behalf of Defendant Gary Smith ("Smith"), who is a reported

current or former president of Dealers and prior owner of all or substantially all of Dealer's stock, and who is also named as a defendant in the underlying liability claim lawsuits. In support of its Complaint, Union states as follows:

**PARTIES**

1. At all pertinent times, Plaintiff Union is and has been an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in Urbandale, Iowa.

2. At all pertinent times, Defendant Dealers is and has been a for-profit business corporation organized and existing under the laws of the state of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.

3. At all pertinent times, Defendant Smith is and has been a natural individual who is a resident, citizen and domiciliary of the State of Oklahoma.

4. At all pertinent times, Defendant Rosales is and has been a natural individual who is a resident, citizen and domiciliary of the State of Oklahoma.

5. At all pertinent times, Defendant Gibson-Hoeksema is and has been a natural individual who is a resident, citizen and domiciliary of the State of Oklahoma.

**NATURE OF THE CLAIM**

6. The present Declaratory Judgment Action arises out of claims for damages made by Rosales and Gibson-Hoeksema in the two Underlying Suits, the first of which is a lawsuit styled "*Eva Rosales, Plaintiff v. Dealers Auto Auction of Oklahoma City, Inc., Gary D. Smith and ACV Auctions, a New York Corporation*," Case No. CJ-2023-6325, in the District Court of Oklahoma County, State of Oklahoma, and the second of which is a

lawsuit styled "*Cathy Gibson-Hoeksema, Plaintiff v. Dealers Auto Auction of Oklahoma City, Inc., Gary D. Smith and ACV Auctions, a New York Corporation,*" Case No. CJ-2023-6939, in the District Court of Oklahoma County, State of Oklahoma. A copy of the Underlying Suits' Petitions are attached hereto as **Exhibit 1** (Rosales) and **Exhibit 2** (Gibson-Hoeksema).

7. Union seeks a declaration regarding the parties' respective rights and obligations, if any, under two policies it issued to Dealers, numbered CNA 4466501-41 with a policy period of May 1, 2021 to May 1, 2022 ("2021 Policy"), and CNA 4466501-42 with a policy period of May 1, 2022 to May 1, 2023 ("2022 Policy"). A copy of the portions of the 2021 Policy constituting the common policy declarations, Commercial General Liability Declarations, and all 21 of the scheduled forms and endorsements to the Commercial General Liability coverage part—is attached hereto as **Exhibit 3**. A copy of the portions of the 2022 Policy constituting the common policy declarations, Commercial General Liability Declarations, and all 21 of the scheduled forms and endorsements to the Commercial General Liability coverage part—is attached hereto as **Exhibit 4**.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

9. This Court has personal jurisdiction over all Defendants for purposes of federal court jurisdiction with respect to this action.

10. Plaintiff brings this action for a declaratory judgment to determine questions of actual controversy between the parties as herein more fully set forth.

11. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b), as, *inter alia*, Defendants reside in this judicial district and/or are subject to a federal court's personal jurisdiction with respect to this action in this judicial district.

## GENERAL FACTUAL BACKGROUND

12. Rosales and Gibson-Hoeksema allege in the Underlying Suits that Smith, who was/is "owner" and/or "president" of Dealers, engaged in physical assault, harassment, and "verbal assault" of a sexual or sexually intimidating nature against them while they were employed by Dealers.

13. Rosales associates these alleged events (with respect to her, individually) with November 29, 2021 and April 6, 2023, dates falling within the policy period of the 2021 Policy and the policy period of the 2022 Policy. Gibson-Hoeksema associates these alleged events (with respect to her, individually) with the month of November 2022, a date range falling within the policy period of the 2022 Policy.

14. Each of these two Defendants seek damages in her respective underlying suit from Smith and/or Dealers on a variety of causes of action, including, with respect to Dealers, negligence and/or "gross negligence." Each allege or appear to allege that employers' immunity under title 85A of the Oklahoma Statutes does not apply to Dealers in the circumstances presented, despite not only failing to deny but actively alleging that she was assaulted while within the course and scope of her employment with Dealers.

**THE INSURANCE POLICY TERMS**

15. Because in every respect pertinent to the issues raised herein the 2021 Policy and 2022 Policy are identical, this pleading will refer to these two instruments in the singular simply as "the Policy." The Policy contains, among other content which speaks for itself, the following pertinent terms:

**COMMERCIAL GENERAL LIABILITY**
**CG 00 01 04 13**

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage…

* * *

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

* * *

> **b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have known prior to the policy period.

* * *

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

* * *

**(4)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

**2. Exclusions**

This insurance does not apply to:

* * *

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.[1]

* * *

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

* * *

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other

[1] Although not relevant to these claims it is noted that this definition is very slightly altered by the "Ultra" endorsement.

than a partnership, joint venture or limited liability company), or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

**(1)** "Bodily injury" or "personal and advertising injury":

**(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business…

* * *

**SECTION V – DEFINITIONS**

* * *

**6**. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

* * *

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**COMMERCIAL GENERAL LIABILITY**
**CG 21 46 07 98**

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ THIS CAREFULLY.**

**ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**...

This insurance does not apply to "bodily injury" … arising out of:

**1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**2.** The negligent:

- **a.** Employment;
- **b.** Investigation;
- **c.** Supervision;
- **d.** Reporting to the proper authorities, or failure to so report; or
- **e.** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1**. Above.

* * *

**COMMERCIAL GENERAL LIABILITY**
**CG 21 47 12 07**

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ THIS CAREFULLY.**

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**...

This insurance does not apply to "bodily injury" to:

**(1).** A person arising out of any:

- **a.** Refusal to employ that person;
- **b.** Termination of that person's employment; or

> **c.** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution at that person…

This exclusion applies:

> (1) Whether the injury-causing event… occurs before employment, during employment or after employment of that person;
> (2) Whether the insured may be liable as an employer or in any other capacity; and
> (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

## CAUSES OF ACTION

22. Union seeks in this litigation a declaration of the various parties' rights, duties, interests and obligations in connection with the insurance issues raised in this Complaint, whether or not such determinations are advantageous to Union's immediately financial and legal interests. Pursuant to the allegations herein, however, Union pleads, as set forth more fully in the Counts below, that it has no duty to defend or indemnify either Dealers or Smith in connection with the Underlying Suits and their surrounding circumstances and allegations, nor any other coverage duties. It thus seeks declaratory relief in its favor as further set forth herein.

## COUNT I - DECLARATORY RELIEF – NO DUTY TO DEFEND FOR FAILURE OF THE TRIGGERING OF THE INITIAL INSURING AGREEMENT– AGAINST DEALERS AND SMITH

16. Union adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

17. With contractual language set forth more fully above, the Policy contains certain "bodily injury" liability coverage set forth in Coverage A, but only in connection

with bodily injury "caused by an 'occurrence.'" The Policy states in pertinent part that "occurrence" as a defined term "means an accident."

18. There are no claims of bodily injury caused by an occurrence in the Underlying Suits as that term is used and defined in the Policy and interpreted in binding holdings of Oklahoma law. The existence or non-existence of an "occurrence" is resolved by focusing on the alleged bodily injury itself, as opposed to any purportedly negligent actions leading up to it, under applicable law. The bodily injury or injuries claimed by Rosales and Gibson-Hoeksema are not alleged to have been caused by any occurrence or accident.

19. The Policy specifically provides that Union "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

20. Union thus has no duty to defend Dealers or Smith in connection with the Underlying Suits because the requirements of the liability coverage's insuring agreement in the Policy are not satisfied for lack of a requisite occurrence, and it is thus unnecessary to consider any exclusions.

## COUNT II - DECLARATORY RELIEF – NO DUTY TO DEFEND BECAUSE VARIOUS EXCLUSIONS APPLY– AGAINST DEALERS AND SMITH

21. Union adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

22. If, as alleged in Count I, the insuring agreement is not triggered and there is no duty to defend Dealers or Smith, it is unnecessary to consider any exclusions. In the

alternative, assuming the terms of the insuring agreement could be deemed triggered or possibly triggered in the first instance based on the allegations in the Underlying Suits, multiple exclusions would apply to preclude coverage for Dealers and Smith.

23. The Policy, through contractual language more fully set forth above, contains an exclusion providing that the liability coverages do not apply to bodily injury “expected or intended from the standpoint of the insured.” (herein “Intentional Act Exclusion.”)

24. The Underlying Suits include bodily injury claims against Smith, but only claims for such injury that were expected or intended from Smith’s standpoint.

25. Additionally, because he was the president and owner of Dealers at the pertinent time, Smith’s standpoint is imputed to Dealers. The Underlying Suits thus include bodily injury claims against Dealers, but only claims for injury that were expected or intended from Dealers’ standpoint.

26. The Policy specifically provides that Union “will have no duty to defend the insured against any ‘suit’ seeking damages for ‘bodily injury’ or ‘property damage’ to which this insurance does not apply.”

27. Since all of the bodily injury claims against Smith in the Underlying Suits are excluded by the Intentional Act Exclusion, the insurance “does not apply” to the claims against Smith, and Union has no duty to defend him.

28. Similarly, since all of the bodily injury claims against Dealers in the Underlying Suits are excluded by the Intentional Act Exclusion, the insurance “does not apply” to the claims against Dealers, and Union has no duty to defend it.

29. The Policy contains an exclusion providing through contractual language

more fully set forth above that the liability insurance does not apply to bodily injury arising out of the "actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured." (herein "Abuse or Molestation Exclusion.")

30. The Underlying Suits include bodily injury claims against Smith and Dealers, but only claims for such injury arising out of abuse or molestation by Smith, who is "anyone," while Rosales and Gibson-Hoeksema were in the care and/or custody and/or control of Dealers (any insured) as employees at their place of employment.

31. The Policy specifically provides that Union "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

32. Since all of the bodily injury claims against Smith in the Underlying Suits are excluded by the Abuse or Molestation Exclusion, the insurance "does not apply" to the claims against Smith, and Union has no duty to defend him.

33. Similarly, since all of the bodily injury claims against Dealers in the Underlying Suits are excluded by the Abuse or Molestation Exclusion, the insurance "does not apply" to the claims against Dealers, and Union has no duty to defend it.

34. Furthermore, although the clause is redundant, as has been recognized by multiple courts, the Abuse or Molestation Exclusion contains additional language stating plainly that the insurance does not apply to bodily injury arising out of the "negligent… Employment; Investigation; Supervision; Reporting to the proper authorities, or failure to so report; or Retention; of a person for whom any insured is or ever was legally

responsible and whose conduct would be excluded" by the prior clause within the Abuse or Molestation exclusion. For this superfluous reason, the insurance "does not apply" to the claims against Dealers, and Union has no duty to defend it.

35. The Policy contains an exclusion providing through contractual language more fully set forth above that the liability insurance does not apply to bodily injury to a person arising out of employment-related practices, policies, acts or omissions "such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person." (herein "Employment-related Practices Exclusion.)

36. The Underlying Suits include bodily injury claims against Smith and Dealers, but only claims for such injury to a person arising out of employment-related practices.

37. Since all of the bodily injury claims against Smith in the Underlying Suits are excluded by the Employment-related Practices Exclusion, the insurance "does not apply" to the claims against Smith, and Union has no duty to defend him.

38. Similarly, since all of the bodily injury claims against Dealers in the Underlying Suits are excluded by the Employment-related Practices Exclusion, the insurance "does not apply" to the claims against Dealers, and Union has no duty to defend it.

## COUNT III - DECLARATORY RELIEF – NO DUTY TO DEFEND BECAUSE THE EMPLOYER'S LIABILITY EXCLUSIONS APPLIES AS TO THE NAMED INSURED – AGAINST DEALERS

39. Union adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein

40. The Policy, through contractual language more fully set forth above, contains an exclusion providing that the applicable liability coverages do not apply to bodily injuries to employees of "the insured" arising out of and in the course of employment by the insured or while performing "duties related to the conduct" of the insured.

41. The Underlying Suits include bodily injury claims against Dealers, the named insured, but only claims for such injury to employees of Dealers arising out of and in the course of employment by Dealers or while performing duties related to the conduct of Dealers.

42. The Policy specifically provides that Union "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

43. Since all of the bodily injury claims against Dealers in the Underlying Suits are excluded by the Employer's Liability Exclusion, the insurance "does not apply" to the claims against Dealers, and Union has no duty to defend it.

## COUNT IV - DECLARATORY RELIEF – NO DUTY TO DEFEND A PARTY WHO IS NOT AN INSURED – AGAINST SMITH

44. Union adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

45. The Policy, through contractual language more fully set forth above, provides that Dealers as the named insured is an "insured," and, in addition, the company's "executive officers and directors" are insureds. However, this insured status for executive officers and directors is limited through the language: "but only with respect to

their duties as [Dealers'] officers or directors." While Smith presumably qualifies in pertinent part as an executive officer or director of Dealers, his duties did not include any manner of sexual contact or sexually abusive physical or "verbal actions" with employees, as such "duties" are inconsistent with a lawful corporate purpose.

46. Therefore, under the facts and circumstances presented, Smith is not an insured under the Union policy as he is not sued in the Underlying Suits "with respect to his duties" as Dealers' officer or director.

47. As Union only has coverage duties in connection with those qualifying as "insureds" under its policy, Smith is not a direct, third-party, or incidental beneficiary of the contract, and Union has no duty to Defend Smith against the Underlying Suits.

## COUNT V - DECLARATORY RELIEF – NO DUTY TO INDEMNIFY – ALL DEFENDANTS

48. Union adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

49. Union contends that none of the claims and/or damages asserted in the Underlying Suits are covered. Accordingly, for the same reasons that there is no duty to defend as addressed above, Union has no duty to indemnify any party against the claims and/or damages asserted in the Underlying Suits, pursuant to the terms, conditions, limitations, and exclusions of the Policy. Defendants, or certain of them, on information and belief, contend that some or all of the claims described in the Underlying Suits are covered or potentially covered under the Policy. Therefore, to the extent the Court considers the matter currently ripe and justiciable, and/or to the extent the matter

becomes ripe and justiciable during the course of the instant litigation, Union seeks a determination of a controversy as to its rights and duties, if any, under the Policy, and a judgment in its favor that it has no duty to indemnify any party for any damages awarded in connection with the Underlying Suits.

* * *

50. Union, in addition to the foregoing provisions, pleads all other terms, conditions, limitations, exclusions, warranties, endorsements, and definitions of the Policy, which also may be found to be applicable or relevant; Union pleads that it has satisfied all conditions precedent to suit; and Union reserves the right to seek to amend its Complaint as additional and/or more specific information becomes available.

WHEREFORE, Union respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policies, potentially including but not necessarily limited to declaring that:

a. Union has no duty to defend any party in connection with the Underlying Suits;

b. Union has no duty to make any indemnity payment to or on behalf of any party in connection with any judgment or settlement in the Underlying Suits;

c. To the extent Union's causes of action, or any of them, are found, pursuant to facts currently known or as facts are developed in discovery, to lack merit, Union nonetheless seeks a declaration of the rights and obligations among the parties regarding the coverage issues raised to clarify legal relations in a circumstance of potential doubt and good faith controversy among the parties.

d. Union be awarded such further relief as the law may require or permit, to the potential inclusion of a recovery of its fees and costs.

**RESPECTFULLY SUBMITTED** this 9th day of April, 2024.

*PIERCE COUCH HENDRICKSON*
*BAYSINGER & GREEN, LLP*

s/John C. Lennon
John C. Lennon, OBA No. 30149
P.O. Box 26350
Oklahoma City, OK 73126-0350
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jlennon@piercecouch.com